IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-2021-130-J |
| | ) |
| CREDIT MANAGEMENT COMPANY, et al., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Portfolio Recovery Associates, LLC, ("PRA") moves to dismiss Plaintiff's Complaint (Dkt. No. 1). Plaintiff fails to identify the bare bones elements of her claim. Dismissal is required unless "the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Plaintiff fails to state a claim upon which relief can be granted, and the Complaint should be dismissed.

**STATEMENT OF THE CASE**

Plaintiff's one-count Complaint alleges that PRA violated the Fair Debt Collection Practices Act ("FDCPA") by failing to disclose that certain alleged debts were disputed. Dkt No. 1, ¶ 22. Plaintiff alleges that PRA furnished a trade line of $223 allegedly owed to Capital One. Dkt. No. 1, ¶ 14. Plaintiff also alleges that various other "debt collectors" furnished additional trade lines concerning Plaintiff's outstanding debt. Dkt. No. 1, ¶¶ 13, 15 – 17. Plaintiff further alleges that on July 22, 2020, she "made a dispute via telephone."

1

Dkt. No. 1, ¶ 18[1]. Plaintiff contends that when she re-checked her credit reports on February 15, 2021, none of the debts were shown as disputed. Dkt. No. 1, ¶ 18. This suit followed.

## ARGUMENT AND AUTHORITIES

### Standard of Review

The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded, factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, the "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original).

A pleading that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action is not enough. Nor does a complaint suffice if it "tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

---

[1] While evidentiary issues are not before the Court in a motion to dismiss, PRA has reviewed its records carefully and finds no evidence that Plaintiff ever contacted it for purposes of disputing the debt. As such, this is not a situation where Plaintiff can be given leave to amend her Complaint to allege that she called PRA concerning an alleged dispute.

2

"[C]onclusory statements without reference to [a complaint's] factual context," *id.*, at 686, are not entitled to an assumption of truth.

## **PLAINTIFF FAILS TO ALLEGE A VIOLATION OF THE FDCPA.**

The FDCPA was enacted to prohibit the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To prevail on a claim under the FDCPA, Plaintiff must allege that a "debt collector['s] effort to collect a 'debt' from a 'consumer' violated some provision of the FDCPA." *Maynard v. Cannon,* 401 F.App'x 389, 393 (10th Cir. 2010), citing, *Piper v. Portnoff Law Assocs., Ltd.,* 396 F.3d 227, 234 (3rd Cir. 2005). Plaintiff alleges only one violation of the FDCPA – PRA's failure to allegedly disclose a dispute to consumer reporting agencies in violation of 15 U.S.C. § 1692e(8). Dkt. No. 1, ¶ 22.

Plaintiff has not alleged that PRA's alleged effort to collect a debt was in violation of the FDCPA. Specifically, Plaintiff has failed to allege that PRA knew Plaintiff had disputed her debt. The Complaint is absent of any factual allegations that debtor contacted PRA and informed PRA that she disputed the debt. Rather, Plaintiff relies on a general statement – that she "made a dispute via telephone" – to satisfy the requirements.

Section 1692e(8) provides that "[c]ommunicating .… to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is debt" is prohibited. Section 1692e(8) requires the debt collector to know or show know that the debt was disputed. *See Robinson v. Greystone Alliance, LLC,* 2011 WL 2601573 (D.Md. June 29, 2011) (noting that section 1692e(8) expressly requires knowledge). Hence, to assert a violation, Plaintiff must allege some facts

3

supporting the conclusion that PRA knew or should have known the debt was disputed.

However, Plaintiffs' Complaint is nothing more than a formulaic recitation of generalized statements. Plaintiff does not allege that PRA knew or should have known about her alleged dispute of the debt. Plaintiff does not identify with whom she lodged the dispute. The Complaint is wholly absent of any allegations related to the purported dispute – Plaintiff fails to identify with whom she disputed the debt, that PRA knew of the dispute or that PRA should have known of the dispute. PRA must be dismissed. *See e.g. Ahmed v. I.C. Sys., Inc.,* 2005 WL 3533111, * 5 (W.D.Pa. Dec. 20, 2005) (granting defendant's motion to dismiss § 1692e(8) claim because there were "no allegations in the complaint giving rise to a reasonable inference that [defendant] knew or should have known of the violation.").

It is axiomatic that a complaint must do more than offer labels, conclusions, or formulaic recitations of the elements. More is required. "A complaint challenged by a rule 12(b)(6) motion to dismiss does not need to set forth detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Gerald v. Locksley,* 849 F.Supp.2d 1190, 1208 (2011) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Naked assertion[s] devoid of further factual enhancement'" fail. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's claim under § 1692e(8) fails. Plaintiff has not established that PRA knew or should have known of the debt. The Motion must be granted.

## CONCLUSION

Plaintiff did not support the allegations in the Complaint. Rather, the Complaint is stripped of any factual allegations – relying on generic, conclusory allegations. She has not sufficiently stated a claim. For the foregoing reasons, PRA should be dismissed.

## RELIEF REQUESTED

WHEREFORE PRA requests that the Court GRANT its Motion to Dismiss.

Respectfully submitted,

s/ Courtney D. Powell
Courtney D. Powell, OBA No. 19444
Spencer Fane LLP
9400 North Broadway Ext., Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: cpowell@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew B. Flies – cargillflies@yahoo.com
Kevin T. Crocker - kcrocker@bn-lawyers.com
Justin T. King - king@king-lawfirm.com

s/ Courtney D. Powell

OM 1001190.1